# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOHNATHAN COPE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil No. 16-00049-CV-DGK |
| ) | (Crim. No. 10-00148-01-CR-W-DGK) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER VACATING MOVANT'S SENTENCE

Movant Johnathan Cope ("Cope") previously pled guilty to being a felon in possession of a firearm. Believing that Cope had three qualifying violent felony convictions, the Court enhanced his sentence.

Now before the Court is a joint motion to vacate Cope's sentence, jointly filed under 28 U.S.C. § 2255 by Cope and Respondent ("the Government") (Doc. 1). For the reasons below, the motion is GRANTED IN PART. The Court vacates the sentence and orders the U.S. Probation and Pretrial Services Office to prepare a new presentence investigation report in anticipation of resentencing.

**Background**

On November 16, 2010, this Court sentenced Cope to a term of 190 months' imprisonment following his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court based its sentence upon a finding that he had three qualifying prior convictions that supported imposition of a sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). One of the prior convictions relied upon for the ACCA sentence was for the offense of resisting arrest, which the Court at the time found was a "violent felony"

under 18 U.S.C. § 924(e)(2)(B)(ii). That subsection, the so-called "residual clause" of the ACCA, defines "violent felony" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

Last summer, the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015) held that the residual clause was unconstitutionally vague. On this basis, the parties ask the Court to vacate Cope's sentence and resentence him without application of the ACCA.

## Discussion

The Court first finds that Cope's motion for relief under 28 U.S.C. § 2255 is timely because it is filed within one year of the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f)(3).

The Court further finds, based on the Government's concession, that *Johnson* constitutes a new substantive rule of constitutional law that should be applied retroactively to defendants previously sentenced under the ACCA. *Cf. Woods v. United States*, 805 F.3d 1152, 1154 (8th Cir. 2015) (per curiam).

In light of *Johnson* and based on the Government's concession, the Court finds that Cope's prior conviction for resisting arrest no longer qualifies as a "violent felony" under the ACCA. Without the resisting arrest conviction, Cope does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify him for sentencing under the ACCA.

Based on the above findings, Cope's currently imposed sentence of 190 months is now a per se illegal sentence in excess of the 10-year statutory maximum for the federal offense of being a felon in possession of a firearm. Under 28 U.S.C. § 2255(b), the Court must now vacate Cope's sentence.

Because the Court must conduct a new inquiry under 18 U.S.C. § 3553 every time it sentences a defendant, it rejects the parties' request to summarily resentence Cope. *See Pepper v. United States*, 562 U.S. 476, 491–93 (2011).

## Conclusion

In view of the foregoing, the parties' joint motion to vacate the sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is GRANTED IN PART. The judgment and commitment in *United States v. Johnathan R. Cope*, 10-CR-148-W-DGK (W.D. Mo. Nov. 17, 2010) (Crim. Doc. 22) is VACATED.

The Court ORDERS the U.S. Probation and Pretrial Services Office to prepare a presentence investigation report on Cope. Cope is encouraged to cooperate with the report writer.

Cope is granted a new sentencing hearing, to be set as soon as the presentence investigation report is completed. Until the sentencing hearing, Cope's detention order (Crim. Doc. 10) remains in full force and effect.

**IT IS SO ORDERED.**

Date:  January 26, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT